IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NICK SPAGNOLO,<br><br>      Plaintiff,<br><br>  vs.<br><br>CLARK COUNTY, NEVADA,<br><br>      Defendant. | CIVIL NO. 15-00093 DKW-BMK<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND (2) GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO THE DISTRICT OF NEVADA** |

**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND (2) GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO THE DISTRICT OF NEVADA**

Plaintiff Nick Spagnolo, proceeding pro se, filed this civil action in this Court based on a series of events alleged to have occurred entirely in Clark County, Nevada. Dkt. No. 1. Before the Court is Defendant Clark County, Nevada's Motion To Dismiss Plaintiff's Complaint Or In The Alternative Motion To Transfer Venue. Dkt. No. 13. For the reasons set forth below, the Court DENIES Clark County's Motion to Dismiss Plaintiff's Complaint and GRANTS Clark County's Motion to Transfer Venue. The Court TRANSFERS this matter to the United States District Court for the District of Nevada, Southern Division.

## **BACKGROUND**

The events giving rise to the Complaint are described in their entirety by Spagnolo as follows:

> After failing to file contempt documents against the defendant in cv-12-664882-C, the defendant in the above captioned matter did "induce the prosecution of the Plaintiff, Nick Spagnolo in retaliation for speech protected by the First Amendment." Though knowing the Plaintiff was inside a "secured" government building the sheriff under instruction by the clerk's office arrested Plaintiff without cause. The Plaintiff was at the time merely requesting information concerning the failure of the clerk's office to collect court fees from the defendant in cv-12-664882-C. The fees were to be collected more than a year before this day under Nevada law, NRS 12.015(4). The clerk's office currently refuses to file any documents in the cv A-14-693983-C complaint for the collection of a $101,865.82 Judgment. Above reference, Kennedy v. City of Villa Hills, Ky 635 F.3d 210.

Dkt. No. 1 at 1.

Liberally construing Spagnolo's Complaint, it appears that the instant action stems from Spagnolo's frustration with the clerk of the court in Clark County, Nevada regarding the filing of documents related to civil proceedings, cv-12-664882-C and cv-A-14-693983-C, in that Nevada state jurisdiction. Based on the aforementioned events, Spagnolo alleges the following "counts" against Clark County:

> 1) Due process under Nevada law was violated when the clerk refused to ENTER AMENDMENT of defendant name change under the N.R.C.P. Rules 9, 10 and 15[.] It is

2

mandatory when the defendant has not answered an amendment motion.  1)  <u>AMENDMENT VIOLATION</u>

2) NRS 12.015(4) was violated by the clerk's office.  THEY DID NOT COLLECT THE COURT FEES ALLOWING THE DEFENDANT TO ABSCOND JUDGMENT.

3) They ordered the Plaintiff to file a <u>second</u> IFP AFTER I WON THE JUDGMENT.  2) TWO (2) DUE PROCESS VIOLATIONS

4) Refused to enter ANY documents mailed to them in the A-14-693983-C collection complaint.  #3 DUE PROCESS VIOLATION.

5) Refused to hold even ONE OF FOUR CONTEMPT HEARINGS BEFORE THE COURT VIOLATING THE NRS AT SEC. 22.010 and others calling for the arrest of the contemnor.  See NRS 22.110 and 22.100.

6) Finally, among many other violations by the Nevada State Board of Dental Examiners – The clerk's office did seek the arrest of the Plaintiff in retaliation for his merely seeking due process and the payment of fees that could ultimately lead to the collection of his JUDGMENT.  #4, 5, AND 6 First amendment violations, Fourth Amendment Violations and Fourteenth Amendment Violations.

7) The last count and most recent has involved the failure of Clark County to assist in the collection of a vehicle accident damage, and obstruction of due process in .. [sic] Clark County Justice Court.  Any document needed to support this allegation is either on file in the Justice Court system or I have them personally.  This case involves a demand from them to E-file ALL documents when this equipment is not available to the general public – only in their office.  I proceeded IFP.  Their rules insist that a non-resident may proceed from out-of-state.  Even though the Justice Court office employees actually file the documents for you, they will not take mail.  The damage estimate was for $1,812.12.  Damages now exceed $5,000.

3

Dkt. No. 1 at 2.

The caption of Spagnolo's Complaint alleges that the case is brought pursuant to the First, Fourth, and Fourteenth Amendments. Dkt. No. 1. Though not expressly stated, it appears that Spagnolo is attempting to assert civil rights violations pursuant to 42 U.S.C. § 1981 (equal rights under the law) and 42 U.S.C. § 1983 (civil action for deprivation of rights).

On October 14, 2015, Clark County filed the instant motion, requesting that the Court dismiss the action, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(5), for untimely and insufficient service of process; Fed. R. Civ. P. 12(b)(3) for improper venue; and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In the alternative, Clark County requests that the Court transfer the case to the District of Nevada. Dkt. No. 13. On November 17, 2015, Spagnolo filed an untimely opposition to the motion. Dkt. No. 21.

## DISCUSSION

As set forth below, the Court determines that it is in the interest of justice to transfer venue from the District of Hawai'i to the Southern Division of the District of Nevada under 28 U.S.C. § 1406(a).[1]

---

[1] Clark County contends that this Court lacks personal jurisdiction over it, and thus, this Court must dismiss Spagnolo's Complaint pursuant to Fed. R. Civ. P. 12(b)(2). Dkt. No. 13-1 at 19-24. The Court agrees that Spagnolo's Complaint fails to include any factual allegations that would permit this Court to exercise personal jurisdiction over Clark County under Hawaii's long-arm

I.      **Venue in Hawai'i is Improper**

Clark County contends that venue in the District of Hawai'i is improper under 28 U.S.C. § 1406, the federal statute governing the dismissal or transfer of cases based on improper venue.  The Court agrees.

Venue in federal courts is governed by statute.  *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979).  Under 28 U.S.C. § 1406, if the court finds that the case has been filed "in the wrong division or district," it must "dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The plaintiff has the burden of showing that venue is proper in this district.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in—
>
> (1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

statute, HRS § 634-35.  Nevertheless, even if this Court lacks personal jurisdiction over Clark County, the Court may still transfer the case to the Southern Division of the District of Nevada. *See, e.g., Ukai v. Fleurvil*, 2006 WL 3246615, at *3, 5 (D. Haw. Nov. 7, 2006) (transferring case notwithstanding the lack of personal jurisdiction over the defendant).  Accordingly, this Court denies Clark County's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

First, it is undisputed that Clark County does not "reside" in the State of Hawai'i. Clark County is a local government entity in the State of Nevada. As such, venue cannot be established under 28 U.S.C. § 1391(b)(1).

Second, substantiality, as pertaining to the events or omissions giving rise to Spagnolo's claims, is lacking under 28 U.S.C. § 1391(b)(2). "Substantiality is measured by considering the nexus between the events and the nature of the claims[.]" *Ukai v. Fleurvil*, 2006 WL 3246615, at *3 (D. Haw. Nov. 7, 2006). Specifically, there must be "'significant events or omissions material to the plaintiff's claim'" that "'occurred in the district in question, even if other material events occurred elsewhere.'" *Id.* (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis omitted).

Here, the Complaint fails to allege *any* event or omission material to Spagnolo's claims that occurred in Hawai'i. Rather, *all* of the events giving rise to Spagnolo's claims occurred in Nevada. Specifically, based on the Nevada statutes and civil case numbers referenced in Spagnolo's Complaint, it is apparent that the underlying events occurred in Nevada. There is nothing in the Complaint demonstrating that Hawai'i has any relationship to the instant case.

Finally, as explained further below, venue is not proper under 28 U.S.C. §1391(b)(3) because the case may properly be brought in the Southern Division of the District of Nevada. In sum, Spagnolo fails to provide any statutory basis, let alone argument, authorizing Hawai'i as the proper venue.

**II.   The Interest of Justice Calls For Transfer of the Case Rather Than Dismissal**

Having determined that venue in Hawai'i is improper, the Court must next determine whether to dismiss or transfer the case. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, the Court's inquiry focuses on whether the "interest of justice" requires a transfer rather than a dismissal of the present action.

Clark County contends that this Court "should assess the merits of a plaintiff's case in deciding whether the interest of justice requires transfer rather than dismissal." Dkt. No. 13-1 at 16-17 (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (examining the plaintiff's case to determine whether dismissal or transfer was appropriate). Clark County further acknowledges, however, that it is not seeking "dismissal of [Spagnolo's] Complaint on the merits at this time[.]" Dkt. No. 13-1 at 17. Rather, Clark County requests that this Court consider the sufficiency of Spagnolo's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

Clark County contends that Spagnolo "has not adequately set forth a claim for relief sufficient to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss, and that, therefore, there is no good cause to transfer venue." Dkt. No. 13-1 at 18. The

Court agrees with Clark County that, as pled, Spagnolo's Complaint does not set forth legal or factual allegations that permit the Court to infer more than the mere possibility of misconduct.  However, Spagnolo may be able to amend his Complaint to sufficiently state a claim.  Indeed, Clark County recognizes that the Complaint is "somewhat unclear as pled[.]"  Dkt. No. 13-1 at 19.  Thus, the Court is unable to conclude that amendment would be futile.

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Because Spagnolo may be able to amend his claims, and mindful that he is proceeding pro se, the interests of justice favor transferring this case to the district where the significant events or omissions material to Spagnolo's claims occurred.  *See* 28 U.S.C. § 1406(a).  As such, the Court denies Clark County's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3).[2]  The Court finds that the most efficient and just alternative is to exercise discretion under 28 U.S.C. § 1406(a) and remedy the procedural defects in Spagnolo's action by transferring the matter.  The final question is whether the Southern Division of the District of Nevada is the proper transferee forum.

---

[2] The Court also denies without prejudice Clark County's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), relating to insufficient service of process.  The Court is unwilling to determine at this stage in the proceedings that Spagnolo did not have "good cause" to excuse his failure to timely perfect service within 120 days in light of his pro se status.  *See* Fed. R. Civ. P. 4(m).

## III. The United States District Court For the District of Nevada Meets the Procedural Prerequisites to Receive Transfer

The Court may transfer a matter only to a transferee court in which the action "could have been brought" in the original instance.  28 U.S.C. § 1406(a). "Thus, the receiving or transferee court must (1) have proper subject matter jurisdiction; (2) proper venue; and (3) the defendant must be subject to personal jurisdiction and amenable to service of process in that district."  *Ukai*, 2006 WL 3246615 at *4 (citing *Shapiro v. Bonana Hotel Co.*, 185 F.2d 777, 780 (9th Cir. 1950)).

Here, transfer to the United States District Court for the District of Nevada, Southern Division, is procedurally proper.  First, the receiving district has original jurisdiction under 28 U.S.C. § 1343 because Spagnolo is attempting, at least apparently, to assert civil rights violations pursuant to 42 U.S.C. §§ 1981 and 1983. As set forth in 28 U.S.C. § 1343:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
>     . . .
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3).

Second, venue is proper in the Southern Division of the District of Nevada under 28 U.S.C. § 1391 because, as previously discussed, all the events giving rise to Spagnolo's claims occurred there.

Third, the Southern Division of the District of Nevada has personal jurisdiction over Clark County, as "Clark County is a political subdivision of the State of Nevada, [and] is properly deemed a citizen of the State of Nevada[.]" Dkt. No. 13-1 at 19. Moreover, Clark County specifically requests that the case be transferred to the District of Nevada if dismissal is deemed to be inappropriate. Dkt. No. 13-1 at 19. As such, the Court finds that venue is proper in the United States District Court for the District of Nevada, Southern Division.[3]

## **CONCLUSION**

This action is TRANSFERRED to the United States District Court for the District of Nevada, Southern Division. The Clerk of Court is directed to close the

---

[3] In his opposition, Spagnolo appears to object to having a court whose clerk's office was involved in the underlying allegations hear his case. *See* Dkt. No. 21. Spagnolo's concerns are unfounded. This case will be transferred to a federal court in Nevada, *not* a state court. In other words, contrary to Spagnolo's assertion, the state court in Clark County would not be assessing the merits of Spagnolo's Complaint upon transfer.

file and transfer it in its entirety to the United States District Court for the District of Nevada, Southern Division.

    IT IS SO ORDERED.

    DATED:  November 24, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Spagnolo v. Clark County, Nevada; CV 15-00093 DKW-BMK; ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND (2) GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO THE DISTRICT OF NEVADA